PROYOSTY, J.
The Frost-Johnson Lumber Company, a sawmill corporation, having attempted to extend its logging road across the land of J. H. Nabors' without his permission was enjoined by him. The same persons composing that company then organized themselves into another corporation under the name of Mansfield Northeastern Railway Company,, and this new corporation, still without the permission of the owner of the land, took up the work which the other corporation had been enjoined from doing. Thereupon J. B. Nabors, who had acquired all the rights of J. H. Nabors sued out a second injunction. This new company then JmougM a regular suit against J. B. Nabors for the expropriation of a right of way. . Nabors asked that the trial of this expropriation suit be postponed until the injunction suit should have been disposed of, *810 and the learned respondent judge granted that request. Thereupon, the railroad company filed in this court the present application for a mandamus to compel him to proceed to try the expropriation suit regardless of the injunction suit.
The petition for injunction, after alleging that the said railroad company was attempting to build its road across complainant’s land and was a trespasser, proceeds to allege that the said railroad company is a mere sham railroad company, without intention really to construct a public carrier railroad, and without funds to do so, and gotten up merely to serve as a cloak for the Frost-Johnson Lumber Company in securing a right of way across complainant’s land by expropriation, that it has no right to expropriate, and that the complainant “has a right to have it so judicially decreed by judgment of this court.” And the prayer of the petition is that said company be enjoined from thus trespassing, and that the petitioner have judgment against said so-called railroad company, decreeing that it has no legal right under its so-called act of incorporation to expropriate a right of way.
The reason assigned for postponing the trial of the expropriation suit until this injunction suit should have been disposed of is that the question of the right to expropriate has been raised and can be determined in that suit, and should be there determined, since that suit is first in the order of filing.
[1] It will be noted that when this injunction petition was filed the said railroad company had, as yet, made no attempt to expropriate, or even expressed any intention of ever making any move in that direction, so that the situation was that a landowner, suspecting that a railroad company might, or would probably, institute expropriation proceedings for a right of way across his land, sought to cut ahead of it, and have the court decree by anticipation that if it ever sought to do so its action in so doing would be without right.
Such a proceeding is anomolous, to say. the least. It cannot be tolerated for two very obvious reasons: The first is that a litigant, be he landowner or not, has no standing for calling a railroad company, or any other kind of company, or anybody, into court for litigating the question of whether it or she or he would have the right to do a certain thing in the event it or she or-he ever desired or sought to do that thing. The second and the more peremptory reason is that by order of the Constitution the courts are open to all litigants, and that a person, be that person a railroad company or any other kind of company, or a man or a woman, cannot be required to litigate in advance of bringing a suit the question of whether it, he or she has the right to bring the suit. If such a thing could be done, two suits would be required where one now suffices. There would first be the suit to determine the question of the right to bring the suit, and, after that question had been determined in the affirmative, the suit would be brought. In the present case, after the right of the railroad to bring the expropriation suit had been decided affirmatively, the railroad would bring the expropriation suit.
[2] The fact is that even with the consent of the railroad company the question of the right to expropriate could not be passed on in the injunction suit; for, in that suit, that question is a mere moot one, and courts do not sit to pass on moot questions. La. & A. Ry. Co. v. Winn Parish Lumber Co., 131 La. 288, 59 South. 403, on rehearing. Also concurring opinion, 59 South 411, and cases there cited. When, in anticipation of a suit being brought, the litigants ask the courts to pass upon the question that would be involved in the suit if it were brought, they ask the court to pass upon a mere moot *812 question, they are really asking the court to give them advice — a thing which is no part of the business of a court, which sits merely to enforce rights. If the litigants wish the courts to determine whether a particular railroad has a right to expropriate a right of way across a particular tract of land, they must have that railroad bring an expropriation suit. The right to expropriate cannot be detei'inined outside of an expropriation suit.
It is therefore ordered, adjudged, and decreed that a writ of mandamus issue directing and commanding the respondent judge herein to proceed with the trial of the expropriation suit of the Mansfield Northeastern Railway Company against J. B. Nabors, No. 7862 of his court, irrespective of the injunction suit heretofore filed by the said Nabors against said company in the same court.