DUFRESNE, Judge.
This is an appeal from a judgment adverse to the State of Louisiana, through the Department of Transportation and Development (DOTD) rendered in a lawsuit for damages relating to the State’s “over-expropriation”. We find no error, therefore affirm.
The facts in this matter are undisputed.
In December 1959, the State expropriated 14,392 square feet of land from Matle A. Smith, petitioner’s ancestor in title, and paid 30 cents per square foot for the land taken. The highway was constructed but due to a change in plans, 5,281 square feet remained as surplus lands. In 1965, the State agreed in writing to return the surplus property to the original owner at the same expropriated price of 30 cents per square foot. This offer was not accepted by Smith due to the pending litigation of the property over title with other interested persons.
In 1977, William Smith, who acquired the land from the original owner, filed suit to recover the over-expropriated property. The trial court granted summary judgment ordering the State to transfer the property to William Smith at the original expropriation price of 30 cents per square foot. This judgment was affirmed by 4th Circuit Court of Appeal, Wilson v. State, 400 So.2d 740 (La.App. 4th Cir.1981), writs denied 406 So.2d 608 (La.1981). On November 13, 1981, the State transferred to Smith the property in accordance with the judgment. In December 1981, the present suit was filed by Robert Wilson, as curator for William Smith against the State to recover attorney’s fees and damages incurred as a result of his efforts to recover the property which was “over-expropriated” by the State.
The State filed exceptions of:
1. No Right and/or No Cause of Action
2. Res Judicata
3. Plea of Prescription
The exceptions were dismissed and judgment awarded in favor of the plaintiff for $15,545.41 (attorney’s fees of $5,000.00, interest of $10,331.41, and fees of economist $214.00).
On appeal, the State has reurged the exceptions pleaded in the trial court and further stated that the court erred in awarding attorney fees and interest to the plaintiff.
Because the State “over-expropriated”, plaintiff’s property, legal title did not vest with the State.
The Louisiana Constitution clearly mandates that private property shall not *345 be taken or damaged, except for public purposes. The settled jurisprudence is that “the State is only entitled to take what it needs for public purposes; any over-expropriation is illegal”, Wilson v. State, Supra. The court has maintained that the State acted illegally through its “over-expropriation” and consequently, failed to properly acquire lawful title to plaintiffs land. This act of dominion wrongfully asserted over the property of the plaintiff, inconsistent with or in denial of the plaintiffs rights, amounts to a tortious conversion. Accordingly, we find no merit to defendant’s exception of No Right and/or No Cause of Action.
The defendant further argues that the principle of res judicata prevents the plaintiff from obtaining damages and attorney’s fees in this action. We disagree. With respect to this contention, the law in Louisiana requires inclusive elements in order to successfully argue the principle of res judicata, they are: LSA-C.C. art. 2286
(1) the thing demanded must be the same,
(2) the demand must be founded on the same cause of action,
(3) the demand must be between the same parties, and formed by them against each other in the same quality.
The absence of any of the above is fatal to the plea of res judicata, First Guaranty Bank v. Durham, 409 So.2d 380 (La.App. 4th Cir.1982). The previous lawsuit involved the adjudication of ownership of property; this appeal is a suit for damages and attorney’s fees. Accordingly, we find that the exception of Res Judicata was properly dismissed by the trial court.
Because the defendant’s wrongful conduct was continuous, denying plaintiff access and use of the land, prescription does not begin until the conduct causing the damage is abated. See South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531 (La.1982).
LSA-C.C. art. 3536 provides a one year prescriptive period for damages resulting from offenses or quasi-offenses.
When the damaging conduct continues, prescription runs from the date of the last harmful act.
The last wrongful occupancy of plaintiff’s property was on November 13, 1981; this suit by plaintiff to recover damages as a result of this tortious conversion was filed December 15, 1981, clearly within the prescriptive period.
ATTORNEY’S FEES
We hold that the trial court was correct in its award of attorney’s fees.
LSA-R.S. 19:201 provides that the State should reimburse owners for their reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the State cannot acquire the real property by expropriation.
In the present case, the plaintiff litigated the legality of the “over-expropriation” by the State which was declared to be unconstitutional.
The plaintiff contends, and we agree, since the Louisiana Constitution, Article 1, Section 4 allows the landowner to recover attorney fees in litigating a legal expropriation, it is only logical that attorney fees can be awarded in litigating an unconstitutional expropriation. A landowner should not be penalized for exercising his fundamental right to test an expropriation on all points or issues which may arise. See Louisiana Resources Co. v. Greene, 406 So.2d 1360 (La.App. 3rd Cir.1981).
Further in Prentice Oil and Gas Co. v. State Department of Transportation and Development, 421 So.2d 937 (La.App. 1st Cir.1982), the court citing LSA-R.S. 19:201 allowed attorney fees actually incurred by a landowner because of an unsuccessful expropriation suit.
A review of the award of $5,000 attorney fees is reasonable in view of the extended litigation in the previous suit on *346 the trial level through the appellate process and on the trial level in the present suit.
Accordingly, there is no basis for disturbing the award of attorney fees.
INTEREST
The award of interest was computed by an expert economist as an item of damages suffered by the plaintiff as a result of the delay in the ultimate sale of the “over-expropriated” property.
The plaintiff had obtained an offer to sell the property in April 1980, but could not consummate this sale until December 1981. This delay was due to the refusal of the State to return the property to the plaintiff.
We agree that the trial court's ruling in awarding this interest as an element of damages is proper and correct. The “over-expropriation” of the plaintiffs property was unconstitutional and he should be compensated to the full extent of his loss. Accordingly, this award of interest is affirmed.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.