YELVERTON, Judge.
Paul Martin and his wife, Ruby Martin, appeal the amount of compensation awarded them following the expropriation of a strip of their property in Lafayette, Louisiana, for the widening of Moss Street. Finding no error in the trial court determination of the value of the land taken, we affirm.
The State, through the Department of Transportation & Development (DOTD), acting pursuant to La.R.S. 48:441-460, in 1979 sued the Martins to expropriate .186 acres of their 8.448 acre tract, and deposited $5,417 in the registry of court as the estimate of just compensation. The owners contested the issue of just compensation, concerning which, at the trial, the court heard three expert land appraisers, two for the defendants and one for DOTD. The trial judge determined and awarded compensation in the amount of $14,071.16, less a credit for the amount deposited, together with attorney’s fees in the sum of $1,750 and expert fees, as well as legal interest.
By this appeal the landowners complain that the trial judge erred in his evaluation of the appraisal testimony and, as a consequence, did not give them enough money for their property.
The land was located on the comer of Moss Street and Pont Des Mouton, fronting both streets. It was located less than a mile from Highway 167 which is now Interstate 49. The State expropriated a strip fronting on Moss Street in order to widen the street. The date of the expropriation was August 1, 1979.
At trial all three appraisers agreed that the expropriation did not result in any severance damage and that the property’s highest and best use was for commercial purposes. However, there was a substantial difference between the opinions of DOTD’s appraiser and of the landowners’ appraisers as to the value of the land taken.
Valerie Chaisson testified for the landowners. He said the area was zoned for general business. Using the market data-comparison method approach he found the value of the property taken was $4 a square foot, or $32,408. To reach this appraisal Chaisson considered several transactions involving property on Moss Street. His first comparable was a sale on December 4, 1975: a two acre tract for $.95 a square foot. The second was an October 7, 1977, sale of a 120' by 150' tract for $2.33, *820 and on that same date the third comparable, a 50' by 100' tract, sold for $1.20 a square foot. His fourth comparable was a May 14, 1976, sale of a 100' by 150' tract for $2.66 a square foot. His fifth comparable was a December 29, 1978, sale of a .4949 acre tract for $2.32 a square foot. His sixth comparable was a January 14, 1979, sale of a 50' by 150' tract for $4 a square foot.
John Dugan, the landowners’ second appraiser, also opined that the value of the property taken was $4 a square foot, or $32,408. He utilized three of the compara-bles Mr. Chaisson discussed in arriving at his appraisal.
Gene Cope, the appraiser for DOTD, testified that the highest and best use of the property was potential commercial development. He appraised the property as an eight and a half acre tract suitable for potential commercial development, and he then calculated the proportionate value of the .186 acres taken. He disagreed with the method of appraisal used by the other appraisers, since they used comparables much smaller in size than the entire tract. He stated that the proper way to appraise the property was as an eight and a half acre tract and not as a 150' deep tract on Moss Street. Mr. Cope utilized the market data-comparison method approach and calculated a value of $27,000 an acre, or $.62 a square foot. At his initial appraisal, 10 months before the taking, he calculated the expropriated part to be worth $5,022. He then adjusted these values by a 1.5% increase per month for 10 months to arrive at the value of the land at the time of the taking, $5,417, which he figured was $31,-000 an acre, or $.71 a square foot. The two comparables used by Mr. Cope were a July 20, 1978, sale of a 19.7 acre tract for $25,-000 an acre and an April 20, 1978, sale of a 24 acre tract for $24,000 an acre.
The trial court rejected the appraisals of defendants’ experts concluding that five out of six of the comparables relied on by these experts were of tracts much smaller than the tract taken, but the trial court also disagreed with Cope’s reliance on compara-bles that were much larger than the subject tract.
Based on all the evidence, the trial court concluded that the most reasonable comparable was the first one relied on by the landowners — the December 1975 sale of a two acre tract for $.95 a square foot — due to its size and location. Using this comparable the trial court calculated the value of the property taken as follows:
“Using the State’s expert’s opinion that this should be adjusted upward one and one-half (1V2%) percent per month from December 1975 to the time of the taking, August, 1979, a total lapse of some forty-four (44) months, the Court finds that forty-four (44) times one and a half percent (1½%) a month makes a total upward adjustment of sixty-six percent (66%). Adjusting ninety-five cents (95c) per square foot upward sixty-six percent (66%) would bring a value of One Dollar and Fifty-Eight Cents ($1.58) per square foot. The defendants are awarded that amount for the square footage taken.”
In expropriation suits much discretion is granted to the trial court for determining what weight is to be given to the testimony of expert witnesses, and its findings of fact will not be disturbed on appeal unless manifestly erroneous. State, Department of Transportation & Development v. Tynes, 433 So.2d 809 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1153 (La.1983). The trier of fact is not required to accept or reject the testimony of any particular witness but may give whatever weight it considers appropriate to the testimony of any and all witnesses in making the factual determination of the value of the property taken. City of Shreveport v. Pupillo, 390 So.2d 941 (La.App. 2nd Cir.1980), writ denied, 396 So.2d 921 (La.1981).
In the present case the trial court rejected the opinion of each of the experts with regard to the value of the property, finding that no appraisal was based entirely on proper comparables. The court determined that the 1975 sale of a two acre tract offered the most reasonable comparable to the property taken. The value of that tract *821 was $.95 a square foot in December 1975. The trial court then adjusted that value by 1V2% per month increase from December 1975 to the date of the taking of the subject property. This increase adjustment was based on the testimony of the State’s expert that an 18% per year increase (1V2% per month) in value was reasonable for the area where the property taken was situated. The trial court concluded that the value of the property taken was $1.58 per square foot. We find no manifest error in this determination.
For these reasons, the judgment of the trial court is affirmed. The costs of this appeal will be paid by appellants.
AFFIRMED.