KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in modifying and limiting its original judgment of expropriation.
The State of Louisiana, Department of Transportation and Development (hereinafter plaintiff) instituted an expropriation suit against J.V. Landry, Jr. (hereinafter defendant). Defendant timely contested the amount of land plaintiff intended to expropriate and filed a motion to dismiss under the authority of LSA-R.S. 48:447. After a -hearing the trial court limited the land expropriated to ten feet from the edge of construction. Defendant then filed a rule for interpretation and clarification of the trial court’s judgment. After a hearing the trial court found an error in its original calculation and modified its original order of expropriation to further restrict the amount of defendant’s property that could be expropriated. The court also awarded as costs the fees for defendant’s expert witness. Plaintiff appeals from that part of the judgment restricting the amount of land which could be taken under the order of expropriation. We affirm.
FACTS
Defendant owns a tract of land located on the south side of Louisiana Highway 82 in Vermilion Parish, Louisiana. Plaintiff instituted an expropriation proceeding, under the provisions of the Quick-Taking Statute, La.R.S. 48:441, et seq., against the defendant to acquire .11 acres along the front of defendant’s property for the widening of the highway.
Plaintiff sought to expropriate all of defendant’s property lying within a width of 45 feet of the project’s centerline, starting at the western line of defendant’s property and gradually flaring out to a width of 60 feet, going easterly toward defendant’s eastern property line. The expropriation order acquired a wedge of defendant’s property five feet wide on defendant’s western boundary line, and flaring out to 20 feet wide on defendant’s eastern boundary line.
*254 Defendant filed a motion to dismiss pursuant to LSA-R.S. 48:447, asserting that the property was not being expropriated for a public purpose since plaintiff was taking more property than was necessary. After a hearing the trial court rendered judgment on November 17, 1981 finding that any expropriation in excess of ten feet from the edge of construction was unreasonable, arbitrary, and capricious and limited the amount of defendant’s land sought to be expropriated by plaintiff to ten feet from the edge of construction. The trial judge placed special emphasis on the testimony of plaintiff’s own expert, who indicated that a maximum of ten feet from the edge of construction was more than enough land needed for highway maintenance.
On January 24, 1985, defendant filed a rule for clarification of the court’s judg-ment rendered on November 17, 1981, contending that the parties had different interpretations regarding the amount of property granted to plaintiff under the judgment. At the hearing on October 25,1985, defendant stated that he had been contesting only the width of the flareout, contending that the trial court should have limited his property taken for the flare out to less footage than 60 feet at the eastern edge of his property.
After hearing the testimony of plaintiff’s and defendant’s experts, the court found that the judgment of November 17, 1981 contained an error of calculation, since it granted the plaintiff more land when taking the judgment’s literal interpretation, than was sought in the expropriation. The judgment was modified, granting plaintiff a wedge of property five feet wide on defendant’s western property line extending and flaring out to ten feet wide on defendant’s eastern property line.
Plaintiff timely appeals the judgment, asserting that the trial court erred in modifying its order to restrict plaintiff to only taking defendant’s property within ten feet of the limits of construction.
LAW
Defendant filed a motion to dismiss the expropriation proceedings pursuant to LSA-R.S. 48:447, which provides in part:
“Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public purpose may file a motion to dismiss the suit within ten days after the date on which the notice was served on him.”
In his answers to plaintiff’s interrogatories, defendant explained that he did not feel that his property was being taken for a public purpose because plaintiff was taking more property than was reasonably necessary for the project.
Plaintiff contends that where the expropriation is by a public body such as the State of Louisiana the landowner has only a very limited right to contest the necessity of the taking, citing State v. Guidry, 240 La. 516, 124 So.2d 531 (1960). The Guidry rule was modified by the Supreme Court in State, Etc. v. Jeanerette Lumber & Shingle, 350 So.2d 847 (La.1977), where the court stated that a question such as the extent of the estate to be taken under an order of expropriation is subject to judicial review on a showing that the plaintiff's finding of necessity was arbitrary, capricious, or in bad faith. Cf. State of Louisiana, through Department of Highways v. Olinkraft, Inc., 350 So.2d 865 (La.1977), writ den., 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978).
The settled jurisprudence is that the state is only entitled to take what it needs for public purposes; any overexpropriation is illegal. Wilson v. State, Dept. of Transp., 464 So.2d 343 (La.App. 5 Cir. 1985), writ den., 468 So.2d 1207 (La.1985). Prior jurisprudence has also firmly established the rule that an expropriating authority will not be permitted to take more land than is reasonably sufficient and suitable for its particular need. Central La. El. Co. v. Covington & St. Tammany L. & I. Co., 131 So.2d 369 (La.App. 1 Cir.1961).
At the motion to dismiss hearing held on November 17, 1981, plaintiff’s own expert testified that a maximum of ten feet from the southern edge of plaintiff’s construe *255 tion was more than enough land needed for the highway project. The trial judge placed special emphasis on plaintiff’s expert’s conclusion in reaching its finding. After hearing further expert testimony, the trial court at the hearing on defendant’s rule for clarification of its earlier judgment still agreed that the plaintiff sought too much land in the expropriation.
It is well established in expropriation suits that much discretion is granted to the trial court in the evaluation of and weight to be given to the testimony of each expert witness. The findings of fact by the trial court will not be disturbed on appeal unless such findings are clearly erroneous. State, Dept. of Tramp. & Develop, v. Martin, 491 So.2d 818 (La.App. 3 Cir.1986); Valley Elec. Membership Corp. v. Wallace, 465 So.2d 986 (La.App. 3 Cir.1985). Our review of the record in this case reveals not only a reasonable factual basis for the trial court’s conclusion but also that there is no clear error in such findings.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs are to be assessed against plaintiff-appellant.
AFFIRMED.