GAUDIN, Judge.
George Maynard (and Maynard Batture Venture, an in commendam partnership), filed suit on April 11, 1986 because of a levee barricade installed in 1970. An exception of prescription was maintained.
The trial judge disagreed with Maynard’s contention that the barricade constituted a continuous and ongoing tort. We affirm.
*3 Maynard owns batture property in Hara-han, Louisiana. Apparently, from the pleadings and arguments of counsel, there are two access roads, one at Colonial Heights Road, which was barricaded in 1970, and one at Florida Drive.
Florida Drive does not provide a direct access. To reach Maynard’s batture from Florida Drive, it is necessary to drive over three other properties.
Defendants are the Board of Commissioners of the East Jefferson Levee District and the Jefferson Parish Council. These public bodies were, in 1970, faced with conflicting interests. Maynard was interested in a more direct route to his batture property while the residents along Colonial Heights Road did not want their neighborhood street used by heavy commercial vehicles. The Board and Council decided to barricade Colonial Heights Road.
The trial judge found, as do we, that prescription began to run in accord with LSA-R.S. 9:5624, which gives an aggrieved property-owner two years from the time damages are sustained (old Sec. 5624) or from the time the public work is completed and accepted (Sec. 5624 as amended in 1987). Either way, Maynard’s suit for damages and injunctive relief comes too late.
Maynard relies primarily on Wilson v. State Department of Transportation, 464 So.2d 343 (La.App. 5th Cir.1985). This case involved the over-expropriation of property by the Department. Due to a change in construction plans, all of the property taken was not used and was in due course returned to the landowner by court order. The landowner then sued for attorney fees and interest. The court stated:
“Because the defendant’s wrongful conduct was continuous, denying plaintiff access and use of the land, prescription does not begin until the conduct causing the damage is abated. See South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531 (La.1982).
“LSA-C.C. art. 3536 provides a one year prescriptive period for damages resulting from offenses or quasi-offenses.
“When the damaging conduct continues, prescription runs from the date of the last harmful act.
“The last wrongful occupancy of plaintiff’s property was on November 13, 1981; this suit by plaintiff to recover damages as a result of this tortious conversion was filed December 15, 1981, clearly within the prescriptive period.”
Maynard, unlike the Wilson plaintiff, was not denied access or use of his property. The barricade only forced him to use another access road; thus, the prescription of R.S. 9:5624 started to run instead of being suspended.
In Lyman v. Town of Sunset, 500 So.2d 390 (La.1987), the courts were concerned with a suit brought by a developer against the town, alleging that the town’s operation of a landfill diminished the land value and marketability of petitioner’s nearby subdivision. The trial judge applied LSA-C.C. arts. 3492 and 3493, saying the developer’s action had not prescribed. The Court of Appeal and Supreme Court of Louisiana, however, said R.S. 9:5624 was applicable. The Supreme Court stated:
“The trial court chose to apply La.Civ. Code art. 3492. This is the general one-year prescription which applies to delictual actions. When the damage is to immovable property, time begins to run once the landowner becomes aware of the damage. La.Civ.Code art. 3493. However, when the damaging conduct is continuous, prescription does not begin until the tortious conduct is abated ...
“The Court of Appeal, however, chose to apply La.R.S. 9:5624 which provides:
‘When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.’
“It is a well established principle of statutory interpretation that when two conflicting statutes are applicable to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. Smith v. Cajun Insulation *4 Co., 392 So.2d 398 (La.1980); Boudreaux v. Terrebonne Police Jury, 422 So.2d 1209 (La.App. 1st Cir.1982). Plaintiffs claim their private property was damaged by a public work. La.R.S. 9:5624 thus controls ...”
Considering the holding of Lyman and Maynard’s facts' and circumstances, we cannot say the trial judge erred in applying the two-year prescription of R.S. 9:5624. See also Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 (La.App. 2nd Cir.1976).
We affirm the judgment maintaining the exception of prescription with appellant to bear costs.
AFFIRMED.