JWOODARD, Judge.
This is an expropriation suit, instituted by the Town of Broussard, to acquire the right of way of a strip of land running along the northern border of the defendants’ property. The defendants appeal the trial court’s finding that the Town of Broussard’s decision to expropriate their property was not arbitrary, capricious, or unnecessary. We affirm.
FACTS
Marian Louise Ducrest, Frances Marie Ducrest, Thomas Lucien Ducrest, III, Irene Eve Ducrest Hesse and Ceeile Marie Ducrest Chapman (the Duerests) own a rectangular tract of land in Broussard, Louisiana. The tract of land is bordered on the west side by South Morgan Street and by other tracts of property on the east, north, and south side. The Duerests’ property is largely undeveloped except for that portion kwhich fronts South Morgan Street and which consists of gardens and a home owned and occupied by Marian Louise Ducrest.
In the fall of 1995, pursuant to a plan to extend the La Neuville Roadway located between Louisiana Highway 89 and United States Highway 90, the Town of Broussard proposed to expropriate a strip of land which runs the entire length of the northern border of the Duerests’ property. The Town of Broussard first adopted the project at a regularly scheduled meeting, after legal notice to the public by ordinance No. 167, dated November 12,1996.
The Professional Engineering and Surveying Co., Inc., (Pensco) and its civil engineer responsible for the project, Albert L. Reaux, performed the actual surveying and engineering work. Mayor Charles E. Langlinais (Mayor Langlinais) of the Town of Broussard provided Pensco with some guidelines to consider in designing the roadway. Essentially, Mayor Langlinais asked Pensco to look into constructing the roadway into the original Ambassador Caffery Parkway, a roadway which had been previously proposed for construction.
Among other tracts of land, Pensco’s survey recommended acquisition by the Town of Broussard of a strip of land running along the northern border of the Duerests’ property. Subsequently, the Town of Broussard attempted to negotiate with the Duerests the purchase of the northern strip bordering their property. The negotiations failed because the Duerests vehemently objected to the location of the right of way. Consequently, the Town of Broussard filed a petition for expropriation on April 30,1997, seeking judgment declaring the proposed portion of the Duerest’s property expropriated.
In a bench trial held on August 26, 1997 and a judgment rendered on September 12, 1997, the trial court found the road improvement project to be one of public necessity and decided that the Town of Broussard had the right to expropriate the Duerests’ strip of land running along the northern border of their property. The Duerests filed a devolu-tive appeal on September 30,1997.
LAW
Essentially, the Duerests contend that the Town of Broussard’s selection of the roadway’s site as it runs through their property is arbitrary, capricious, and unnecessary.
[¡It is well settled that every person has the right to acquire, own, control, use, *1176 enjoy, protect, and dispose of private property. Nevertheless, such right is held subject to the right of expropriation, when required by public interest and necessity. La. Const, art. I, § 4. The right of a municipal corporation to expropriate is set forth by La.R.S. 19:102:
Where a price cannot be agreed upon with the owner, any municipal corporation of Louisiana may expropriate property whenever such a course is determined to be necessary for the public interest by the governing authority of the municipality.
Once a municipality has decided that the expropriation of a landowner’s property is necessary for the public interest, a court may not set aside such a determination absent finding that the "decision was unreasonable or arbitrary. City of Lafayette v. Delhomme Funeral Home, Inc., 413 So.2d 348 (La.App. 3 Cir.1982).
 The assessment of the location and extent of the expropriation relate to the issue of the necessity of a taking. State, Dep’t of Transp. & Dev. v. Estate of Griffin, 95-1464 (La.App. 1 Cir. 2/23/96), 669 So.2d 566. Although the expropriating authority has great discretion in determining the extent and location of the property to be taken, such discretion is not unbridled. Furthermore, “Expropriation is special and exceptional in character, in derogation of common right, and must be strictly construed.” Estate of Griffin, 669 So.2d at 568.
Generally, once an expropriating authority has met its burden of proving that a public interest justifies the expropriation, the burden shifts to the defendant to show that the expropriating authority abused its discretion in selecting the site to be expropriated. See Recreation & Park Com’n for Parish of East Baton Rouge v. C & S Dev., Inc., 97-2652 (La.7/8/98), 714 So.2d 706. The expropriating authority abuses its discretion when it acts in bad faith, without adequate determining principles, or without reason. Id.
While deciding whether or not to expropriate, the expropriating authority should consider the following criteria: “[Ajvailability of alternate sites, costs, environmental factors, long-range area planning, and safety considerations.” Id. at 707-708, quoting Red River Waterway Com’n v. Fredericks, 566 So.2d 79, 83 (La.1990). An expropriating authority abuses its discretion when the defendant shows that it acted without ^considering and weighing the relevant criteria. Recreation & Park Com’n for Parish of East Baton Rouge v. C & S Development, Inc., 714 So.2d 706; Red River Waterway Com’n, 566 So.2d 79.
Nevertheless, the mere availability of an alternative feasible location is not, by itself, an indication that the expropriator has acted arbitrarily or capriciously in making its selection. Calcasieu-Cameron Hosp. Serv. Dist. v. Fontenot, 628 So.2d 75 (La.App. 3 Cir.1993); writ denied, 94-168 (La.3/18/94), 634 So.2d 854. Whether or not the defendant has met its burden of proof requires the trial court to make a factual determination, which we will not disturb absent manifest or clear error. Id.
In the instant case, the Ducrests urge that they met their burden of proof under the conditions set forth by the supreme court in Red River Waterway Comm’n. They argue that the Town of Broussard’s decision is not supported by an adequate determining principle which justifies expropriating their exquisitely developed home site as opposed to an undeveloped adjacent property owned by Helen St. Julien Weimer and that their home site features the only permanent home site expropriated because of the roadway. They further assert that the proposed taking of such a large portion of their permanent home site is unnecessary because an alternative route passing through Weimer’s undeveloped property is feasible and does not disturb anyone. Finally, they maintain that Mayor Langlinais and Pensco failed to bring forward any evidence justifying the expropriation during the course of pre-trial discovery and hastily made up a last minute explanation during trial.
We disagree. After thoroughly reviewing the record, we find that the arguments presented by the Ducrests lack merit.
The city Ordinance No. 167 regarding the La Neuville Roadway provides in relevant part:
*1177 SECTION 1: This board hereby declares the construction of the proposed La Neuville Road Extension Improvement Project to be a public necessity and in the best interest of the Town of Broussard, Louisiana.
SECTION 2: The acquisition by the town of Broussard, Louisiana, of the necessary rights-of-way, servitude, construction easements and other property for the construction of La Neuville Road Extension Improvement Project is in the best interest of the Town of Broussard.
SECTION 3: The ultimate construction of the proposed La Neuville Road Extension Improvement Project will improve traffic flow and increase public safety.
feMayor Langlinais testified concerning the factors motivating the La Neuville project. He explained that the roadway was aimed at facilitating the traffic flow, promoting safety, and fostering economic development of the Town of Broussard. He specified that he directed Pensco to follow the old Ambassador Caffery Parkway corridor as a basis for La Neuville Roadway. Mayor Langlinais favored such course of action because some owners of tracts bordering the Ambassador Caffery Parkway previously gave their consent to the project and some of them agreed to dedicate the portion of land necessary to satisfy the right of way. He also instructed Pensco to minimize the number of permanent homes to be displaced by the project.
Reaux, Penseo’s project engineer, expert civil engineer, and land surveyor, testified that the roadway’s design followed specific engineering guidelines once reaching the northwest corner of the Ducrests’ property because it intersected in that location with South Morgan Street. Reaux explained that from an engineering standpoint, the best way to make an intersection is in a straight line and as near as possible to a ninety degree angle because it is important to provide site distance to the intersection as a safety consideration.
Reaux further testified as to the feasibility of alternative designs circumventing the Du-crests’ property but did not recommend such course of action. He emphasized that alternatives would require introducing four curves to the road and would possibly present the danger of causing drivers to veer to the centerline of the roadway. Alternative designs would also prove more costly, generate delays, and be more burdensome on the Du-crests’ neighbors than the present design is on the Ducrests’ property.
Reaux insisted that he and Mayor Langli-nais tried to accommodate the Ducrests by changing the roadway’s original design without compromising the integrity of the crossing. The proposed amended design moved the roadway’s centerline fifteen feet to the north thus taking a lesser amount of the Ducrests’ property. This revised project required the Duhons, owner of the land situated northwest of the Ducrests’ property and bordering South Morgan Street, to dedicate an additional fifteen feet of their property.
After hearing all the testimony, the trial court found that the Town of Broussard could expropriate the litigated property. The trial court was most impressed by Reaux’s testimony and found that it was not contradicted by the Ducrests. The court ^concluded that in such circumstance, the Ducrests failed to show that the Town of Broussard’s decision was arbitrary, capricious and unreasonable.
Our review of the record establishes that the trial court’s findings are not clearly wrong. The record establishes that the Town of Broussard evaluated and balanced the public interest with that of the Ducrests and that The Town of Broussard chose the site subject to this litigation for reasons of safety, cost, and expediency as opposed to the more burdensome, costly, and dangerous alternate locations. For these reasons, we cannot say that the trial court’s decision was manifestly wrong.
Accordingly, the trial court’s judgment is affirmed.
CONCLUSION
For the reasons stated above, we affirm the trial court’s judgment, declaring that the Town of Broussard could expropriate a tract of property owned by the Ducrests regarding *1178 the construction of the La Neuville roadway project.
AFFIRMED.
COOKS, J., concurs and assigns written reasons.