# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**17-16**


**STACEY A. RYAN, ET AL.**

**VERSUS**

**CALCASIEU PARISH POLICE JURY, ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-4268
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**JUDGMENT AFFIRMED.  REMANDED WITH INSTRUCTIONS.**

**W. Joe Mize**
**Matthew M. Mize**
**Robichaux, Mize, Wadsack, Richardson & Watson, L.L.C.**
**Post Office Box 2065**
**Lake Charles, Louisiana 70602**
**(337) 433-0234**
**Counsel for Defendant/Appellant:**
**Lake Charles Harbor & Terminal District**

**Marshall J. Simien, Jr.**
**Simien Law Firm**
**2129 Fitzenreiter Road**
**Lake Charles, Louisiana 70601**
**(337) 497-0022**
**Counsel for Defendant/Appellant:**
**Lake Charles Harbor & Terminal District**

**Russell J. Stutes, Jr.**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 433-0022**
**Counsel for Intervenors/Appellees:**
**Vernon Christopher Meyer**
**Carla Michelle Meyer**

**Patrick D. Gallaugher, Jr.**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry, LLC**
**Post Office Drawer 3028**
**Lake Charles, Louisiana 70602**
**(337) 433-9436**
**Counsel for Defendants/Appellees:**
**Calcasieu Parish Police Jury**
**Calcasieu Parish Planning and Zoning Board**

**Terrence D. McCay**
**Sarah W. Anderson**
**Kean Miller, LLP**
**Post Office Box 3513**
**Baton Rouge, Louisiana 70821**
**(337) 430-0350**
**Counsel for Defendant/Appellee:**
**Sasol Chemicals (USA), LLC**

**Stephen W. Glusman**
**Director of Corporate and Legal Affairs**
**Port of Greater Baton Rouge**
**Post Office Box 380**
**Port Allen, Louisiana 70767**
**(225) 342-1660**
**Counsel for Amicus Curiae:**
**Greater Baton Rouge Port Commission**

Jacque B. Pucheu, Jr.
Pucheu, Pucheu & Robinson, LLP
Post Office Box 1109
Eunice, Lousiana  70535
(337) 457-9075
Counsel for Amicus Curiae:
    Greater Krotz Springs Port Commission

Melissa Folse
Attorney at Law
171 Belle Terre Boulevard
Laplace, Louisiana  70068
(985) 652-9278
Counsel for Amicus Curiae:
    Port of South Louisiana

James M. Garner
Joshua S. Force
Ashley G. Coker
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana  70112
(504) 299-2100
Counsel for Amicus Curiae:
    St. Bernard Port, Harbor & Terminal District

Dannye W. Malone
Director of Legal Affairs
6000 Doug Attaway Boulevard
Shreveport, Louisiana  71115
(318) 524-2272
Counsel for Amicus Curiae:
    Caddo-Bossier Parishes Port Commission

J. Kendall Rathburn
Kailey L. Leboeuf
Robert L. Seegers
Dwyer Cambre & Suffern, A.P.L.C.
3000 West Esplanade Avenue, Suite 200
Metairie, Louisiana  70002
(504) 838-9090
Counsel for Amicus Curiae:
    Plaquemines Port, Harbor & Terminal District

Leah D. Sumrall
Crigler, LeBeau & Sumrall
1808 Roselawn Avenue
Monroe, Louisiana 71201
(318) 807-7100
Counsel for Amicus Curiae:
    Lake Providence Port Commission

**Glen A. James**
**Attorney at Law**
**1523 Cypress Street**
**Sulphur, Louisiana  70663**
**(337) 527-6388**
**Counsel for Amicus Curiae:**
        **West Calcasieu Port**

**Danna E. Schwab**
**Attorney at Law**
**7847 Main Street**
**Houma, Louisiana 70360**
**(985) 868-1342**
**Counsel for Amicus Curiae:**
        **Terrebonne Port Commission**

**Thomas Louis Colletta, Jr.**
**Attorney at Law**
**Post Office Box 60046**
**New Orleans, Louisiana 70160**
**(504) 528-3228**
**Counsel for Amicus Curiae:**
        **Board of Commissioners, Port of New Orleans**

**Bryce Autin**
**Attorney at Law**
**16829 East Main Street**
**Cut Off, Louisiana  70354**
**(985) 632-1113**
**Counsel for Amicus Curiae:**
        **Greater Lafourche Port Commission**

**Edwin Moberley**
**Attorney at Law**
**607 East Askew Street**
**Tallulah, Louisiana  71282**
**(318) 574-3133**
**Counsel for Amicus Curiae:**
        **Madison Parish Port Commission**

**KEATY, Judge.**

The Lake Charles Harbor and Terminal District (the District) appeals a judgment granting a preliminary injunction in favor of Vernon Christopher Meyer and Carla Michelle Meyer (the Meyers) and barring the District from expropriating a tract of their property in Westlake, Louisiana. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Sasol Chemicals (USA), L.L.C. (Sasol), a South African company doing business in the United States, is currently constructing and developing a new chemical facility known as the Sasol Megaproject in Calcasieu Parish. The Meyers own more than five acres of landlocked residential and commercial property (hereafter "the property") in the site where the Megaproject is being constructed. Mr. Meyers operates his business, M&D Construction, on the property, which is located near many of M&D Construction's industrial clients. For several years, Sasol made offers to the Meyers for the purchase of their property, but no agreement was reached between them due to the Meyers' belief that Sasol's offers did not reflect the fair market value of their property.

During a November 17, 2014 meeting of the District's Board of Commissioners (the Board), Resolution 2014-056 (the Resolution) was unanimously adopted, whereby the District made findings and provided "certain assurances with respect to the acquisition of property needed" for the Megaproject.[1] The Board noted in the Resolution that in 2011, the District had been "instrumental in obtaining, for the benefit of SASOL, a six hundred (600) acre parcel . . . within the territorial limits of the District . . . which enabled Sasol to choose the Southwest Louisiana area for the Sasol Megaproject over another competing location in Canada." It further

---

[1] The Meyers entered Resolution 2014-056 into the record as an exhibit at the hearing on their request for preliminary injunction.

explained that the Megaproject would be built with "heavy equipment and large modules that will be pre-assembled off-site and delivered by vessels berthed at a dock in close proximity to the Plant Site Property which will then be transported overland to the Plant Site Property." According to the Resolution, Sasol intended to make a "$16-$21 billion capital investment" for its Megaproject, the construction and operation of which would "promote economic development in the area." The Resolution stated that Sasol had purchased the majority of properties within the proposed site of the Megaproject and that it needed the District's help in acquiring the remaining twenty-four privately owned properties. The Resolution authorized and directed the District "to take all steps deemed necessary and appropriate" to acquire ownership of, by voluntary purchase or quick-take expropriation, those needed properties, one of which was owned by the Meyers.

In January 2015, the Meyers filed a petition for intervention joining another affected homeowner in an action he had filed in the trial court challenging the District's expropriation authority and seeking injunctive and declaratory relief.[2] The District made a written offer to purchase the Meyers' property, for an amount approximately $2,000,000 less than what the Meyers had been offered by Sasol in April 2015. The Meyers rejected the District's offer and made a counteroffer. Soon afterward, the Meyers filed an amended petition of intervention to seek a judicial declaration that the Resolution violated and was not authorized by the Louisiana Constitution.[3]

_____

[2] In October 2014, Mr. Stacey Ryan had filed in the Fourteenth Judicial District Court an appeal of the decision of the Calcasieu Parish Police Jury (CCPJ) to rezone his family's property from residential to heavy industrial use. Subsequently, Mr. Ryan amended his petition to add the District as a defendant and seeking to enjoin the District from expropriating his property and to obtain a declaratory judgment finding that his property cannot be subject to expropriation by the District. All of the claims Mr. Ryan asserted in this action have been dismissed, and he is no longer a party to this matter. The Meyers' intervention named only the District as a defendant.

[3] The amended petition adopted by reference paragraphs six through ten of the Meyers' original petition of intervention, which provided as follows:

2

By letter dated August 8, 2016, the District declined to accept the Meyers' counteroffer. The letter contained a warning that should the parties be "unable to agree to a voluntary transfer" of the property, "**the District intends to proceed with initiated legal proceedings to expropriate**" the property through the methods authorized in the Louisiana Constitution and the Louisiana Revised Statutes. (Emphasis added).

Following an August 31, 2016 evidentiary hearing, the trial court granted a preliminary injunction in favor of the Meyers, "enjoining and barring" the District from expropriating any portion of their property located at 2755 Houston River Road in Westlake, Louisiana. The District now appeals, asserting in its sole assignment

_____

6.
. . . Port of Lake Charles Resolution, number 2014-054, also authorized the Port of Lake Charles to expropriate the Meyers' property for the benefit of Sasol Chemicals (USA), LLC ("Sasol") through a long term lease (indirect sale) by the Port of Lake Charles to Sasol.

7.
Sasol is a company wholly owned by a foreign or alien, South African, corporation.

8.
In its November 17, 2014 resolution, the Port of Lake Charles failed to identify any public purpose for expropriation of Mr. Ryan or the Meyers['] property as "public purpose" is defined in Article I, Section 4 of the Louisiana State Constitution. Further, the resolution also fails to identify any necessary purpose for the expropriation of the Meyers' property as the Meyers['] property is currently subject to an offer by the Meyers to sell said property to Sasol for close to its appraised value. The offer by the Meyers has been outstanding for months. Said expropriation by the Port of Lake Charles is completely unnecessary as there or [sic] no title problems with the Meyers' ownership and a consensual sale of the property could be confected tomorrow if Sasol would simply agree to a consensual transaction.

9.
A portion of the Meyers' property at 2755 Houston River Road is a bona fide homestead and is subject to homestead exemption under the Louisiana Constitution.

10.
Said Property also does not contain any "industrial plant buildings, industrial plant equipment, machinery, furnishing, or appurtenances and further does not contain any public port facilities or operations."

of error that the trial court abused its discretion in enjoining it "from exercising its constitutional right to file suit to expropriate the Meyers' property."[4]

## DISCUSSION

"A trial court's determination as to whether to issue a preliminary injunction is subject to the abuse of discretion standard of review." *Mount Zion Missionary Baptist Church v. Jones*, 11-961, p. 4 (La.App. 3 Cir. 2/1/12), 84 So.3d 674, 678. Louisiana Code of Civil Procedure Article 3601(A) provides, in pertinent part, that "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." "One generally recognized purpose of a preliminary injunction is to preserve the status quo during the pendency of further judicial proceedings. . . ." *S. Cent. Bell Tel. Co. v. La. Pub. Serv. Comm'n*, 555 So.2d 1370, 1373 (La.1990).

> **A petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful,** *i.e.,* **when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right**. *South Cent. Bell Tel. Co. v. Louisiana Pub. Serv. Comm'n*, 555 So.2d 1370 (La.1990). **Once a plaintiff has made a** *prima facie* **showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate legal remedy exists**.

*Jurisich v. Jenkins*, 99-76, p. 4 (La. 10/19/99), 749 So.2d 597, 599 (emphasis added).

Louisiana Constitution Article I, § 4 (emphasis added) provides in pertinent part as follows:

> (A) Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.

---

[4] This matter has previously been before this court. By judgment dated July 1, 2015, the trial court granted the District's exception of no cause of action with respect to the declaratory relief sought by the Meyers and denied the District's exceptions of no right of action and prematurity with regard to the injunctive relief sought by the Meyers. The District sought supervisory writs, which this court and the supreme court denied. *Ryan v. Calsasieu Parish Police Jury*, 15-577 (La.App. 3 Cir. 8/11/15), *writ denied*, 15-1661 (La. 11/16/15).

(B)(1) Property shall not be taken or damaged by the state or its political subdivisions except for **public purposes** and with **just compensation** paid to the owner or into court for his benefit. Except as specifically authorized by Article VI, Section 21 of this Constitution[5] property shall not be taken or damaged by the state or its political subdivisions: (a) for predominant use by any private person or entity; or (b) for transfer of ownership to any private person or entity.

This court has held that a person's right to own private property "is held subject to the right of expropriation, when required by public interest and necessity." *Town of Broussard v. Ducrest*, 98-838, p. 3 (La.App. 3 Cir. 12/9/98), 722 So.2d 1174, 1176.

Although the state has wide discretion in expropriation matters, it is entitled to take only what it needs for public purposes and will not be permitted to take more than what is reasonably sufficient and suitable for its particular need. *State v. Landry*, 507 So.2d 252, 254 (La.App. 3d Cir.), *writ denied*, 513 So.2d 290 (La.1987). **An expropriation beyond the public interest is illegal and unconstitutional**. *Calcasieu-Cameron Hosp. Serv. Dist. v. Fontenot*, 628 So.2d 75, 78 (La.App. 3d Cir.1993), *writ denied*, 94-0168 (La. 3/18/94), 634 So.2d 854; *Landry*, 507 So.2d at 254. Furthermore, **"expropriation 'is special and exceptional in character, in derogation of common right, and must be strictly construed**.'" [*State v.* ]*Jeanerette Lumber* [*& Shingle Co.*, 350 So.2d 847,] 855-56, quoting *Orleans-Kenner Elec. Ry. Co. v. Metairie Ridge Nursery Co.*, 136 La. 968, 68 So. 93 (1915).

*State, Dep't of Transp. & Dev. v. Estate of Griffin*, 95-1464, p. 3 (La.App. 1 Cir. 2/23/96), 669 So.2d 566, 568 (emphasis added).

In 2006, the Louisiana Legislature amended this state's constitution to provide a statutory definition of the term "public purpose," which had previously been undefined.[6] Significantly, La.Const. art. I, § 4(B)(3) now provides that: "**[n]either**

---

[5] Louisiana Constitution Article VI, § 21, titled Assistance to Local Industry, is commonly referred to as an Industrial Inducement Statute.

[6] The fourth circuit made the following observations in *New Orleans Redevelopment Authority v. Burgess*, 08-1020, pp. 12-13 (La.App. 4 Cir. 7/8/09), 16 So.3d 569, 578 (footnotes omitted), *writs denied*, 09-1982, 09-1981 (La. 9/23/09), 18 So.3d 65, 66:

On June 23, 2005, two months before [Hurricane] Katrina, the United States Supreme Court in *Kelo v. City of New London, Connecticut,* 545 U.S. 469, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005), struck an apparent blow against property owners when it ruled in favor of a local government's using eminent domain to "upwardly mobilize" realty that might yield more financial return for the local government or boost economic development for the community. *Kelo* permitted a government

**economic development, enhancement of tax revenue, or any incidental benefit to the public shall be considered in determining whether the taking or damaging of property is for a public purpose** pursuant to Subparagraph (1) of this Paragraph or Article VI, Section 23 of this Constitution." (Emphasis added).

As a political subdivision of this state, the District is authorized to purchase or expropriate property for any public purpose consistent with the constitution and general laws of this state.[7] *See* La.R.S. 34:201 and La.Const. art. VI, § 23. The aforementioned Industrial Inducement Statute authorizes public ports to lease or acquire property, through various methods including expropriation, to "induce and encourage the location of or addition to industrial enterprises therein which would have economic impact upon the area and thereby the state." La.Const. art. VI, § 21(A). Nevertheless, that authorization expressly prohibits the direct or indirect sale

---

agency to expropriate private land which was **not** blighted to transfer it to a more lucrative enterprise and hopefully thereby increase tax revenue and bring new jobs or, as Justice O'Connor said in a strong dissent: "to replace Motel–6 with a Ritz–Carlton."

Galvanized by the implications of the ruling, state legislatures nationwide responded by passing statutes to contain or curtail what was viewed as overreaching judicial activism. . . .

In the first regular session of the Louisiana Legislature following Hurricane Katrina and *Kelo*, more than twenty-one separate bills were introduced. . . . The legislators nearly unanimously agreed with Justice O'Connor's dissent in <u>Kelo</u> and rejected expropriation of non-blighted property for economic development and transfer to a private party.

[7] Title 19 of the Louisiana Revised Statutes provides a mechanism for a port authority who files a suit for the expropriation of property to acquire title to the property "prior to judgment in the trial court." La.R.S. 19:141. Such expropriation proceedings are referred to as "quick takings." *Alderdice v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 12-148, p. 5 (La.App. 4 Cir. 7/25/12), 107 So.3d 7, 10. Title 19 prescribes the requirements that shall be contained in a petition for expropriation, including an estimate of what would be "just and adequate compensation for the taking." La.R.S. 19:142. Once the expropriating authority deposits the amount of the estimate into the court's registry, "title to the property . . . shall vest" in the expropriating authority while the "right to just and adequate compensation therefor shall vest" in the former property owner. La.R.S. 19:145. Once properly served with notice of the expropriation suit, a defendant has twenty days to file a motion to dismiss "to contest the validity or extent of the taking on the ground that the property was not expropriated for a public use," failing which any defense he may have to the suit will be deemed waived, except for his right to just compensation. La.R.S. 19:145(A) and (B).

or donation of any property expropriated thereunder to any foreign corporation, and properties with a homestead exemption "shall not be subject to expropriation pursuant to this Section." La.Const. art. VI, § 21(B) & (D).

The basis of the District's appeal is the principle that its "right to expropriate cannot be determined outside of an expropriation suit." *Mansfield Ne. R.R. Co. v. Nabors*, 135 La. 807, 811, 66 So. 229, 230 (1914).[8] Similarly, the District directs this court's attention to another long-ago made statement by our supreme court that "nothing is better settled than that injunction will not lie to prevent the bringing of a suit." *Schumert-Warfield-Buja v. Buie*, 148 La. 726, 727, 87 So. 726 (1921). More specifically, the District asserts that injunctive relief is inappropriate in this case because were it to file suit to expropriate the Meyers' property, even by a quick-taking, the procedures listed in Title 19 will allow the Meyers to assert their objections to the expropriation and the safeguards provided therein will prevent the Meyers from suffering any irreparable injury. Along those lines, the District points out that the supreme court has held that the quick-taking expropriation statutes are constitutional. *See State, through Dep't of Highways v. Olinkraft, Inc.*, 350 So.2d 865 (La.1977), *cert. denied*, 435 U.S. 924, 98 S.Ct. 1489 (1978). Finally, the District argues that whether the expropriation it threatened against the Meyers is constitutional is irrelevant for purposes of whether it should have been enjoined from expropriating the Meyers' property.

The Meyers counter that the District's arguments are fundamentally flawed because they rest on the incorrect assumption that the District has the lawful right to expropriate their property. The Meyers insist that the Resolution authorizing the District to expropriate their property is unconstitutional because it fails to articulate

---

[8] As the Meyers correctly note about *Mansfield*, "when this injunction petition was filed the said railroad company had, as yet, made no attempt to expropriate, or even expressed any intention of ever making any move in that direction." *Mansfield*, 66 So. at 230.

7

a public purpose beyond that of a general benefit to the local economy, which the Louisiana Constitution now forbids consideration of in determining if the taking is for a public purpose. Instead, the Meyers submit that the sole purpose of the Resolution is to deprive them of their private property for the sole benefit of another private, for-profit, foreign-controlled company. According to the Meyers, the District's actions in this matter amount to nothing short of the selling of its expropriation powers.

The Meyers direct this court's attention to a recent supreme court decision that discusses the limits of a public port's expropriation power. *See St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 17-434 (La. 1/30/18), 239 So.3d 243. In *Violet Dock*, the St. Bernard Port filed a quick-take expropriation suit seeking to acquire a nearby privately-owned dock facility to expand its own cargo facilities. Testimony was presented in the trial court that "there was no other space in St. Bernard Parish where a bulk terminal facility could be constructed on the river." *Id.* at 247. The trial court found that the taking served a valid public purpose, which finding was affirmed by the fourth circuit and a divided supreme court.[9] On June 11, 2018, the United States Supreme Court docketed a petition for certiorari filed by the defendant/owner of the private dock in *Violet Dock*.

The Meyers called one witness at the August 31, 2016 hearing on their motion for preliminary injunction, William J. Rase, III, Executive Director of the Port of Lake Charles (the Port). Mr. Rase testified that he was present at the November 17, 2014 meeting during which the Board approved the Resolution. According to Mr. Rase, the Port had "entered into an agreement with Sasol for a lease on a dock and then to provide what was required to have them go forward with their expansion"

---

[9] *Violet Dock* also involved issues of just compensation and damages that are not relevant to this appeal.

8

before it passed the Resolution. **Mr. Rase confirmed that were it not for Sasol's Megaproject, the District would not have looked at acquiring the Meyers' property**.

The other evidence that the Meyers entered into the record at the preliminary injunction hearing included the aforementioned correspondence between the District and the Meyers; a letter from the Calcasieu Parish Assessor, verifying that the Meyers' property has a homestead exemption; and a copy of a Receipt, Release, and Indemnification Agreement between Ryan and the District showing that they had entered into a settlement of Ryan's claims against them in this matter for the sum of $291,666.67. Upon questioning by the Meyers' attorney, Mr. Rase agreed that given the sizes of the properties, the District was paying Ryan $145.00 per square foot versus the less than $4.00 per square foot that the District offered to the Meyers when it issued the ultimatum to them several weeks before. The District did not offer any exhibits at the preliminary injunction hearing.

After hearing closing arguments, the trial court expressed its opinion that, contrary to what was provided in the Resolution, Sasol had not exhausted its efforts to voluntarily acquire the Meyers' property. Referencing the appraisal attached to the letter in which the Meyers made a counteroffer to the District's offer to buy their property, the trial court noted that given "what's being paid on the fair market, it would be wrong for this court not to intervene." Ultimately, the trial court found that the District had improperly agreed "to do for Sasol that which Sasol can do for itself." Accordingly, the trial court enjoined the District from filing suit to expropriate the Meyers' property.

We conclude that the Meyers met their burden of making "a *prima facie* showing" that the Resolution authorizing the taking of their property is unconstitutional because: 1) there is no public purpose to support it, in violation of

9

La.Const. art. I, § 4; 2) their property would be transferred to a foreign-controlled entity, in violation of La.Const. art. VI, § 21(B); and 3) their property is covered by a homestead exemption and, thus, cannot be expropriated per La.Const. art. VI, § 21(D). *See Jurisich*, 749 So.2d at 599. Finally, we find it important to note that the District put the Meyers between a rock and a hard place by threatening to expropriate their property if they refused to accept what the trial court found to be a low-ball offer. In addition, the District stands behind its Resolution to expropriate the Meyers' property, and it refuses to address the Meyers' claims of its unconstitutionality, insisting that even if the Meyers' claims are valid, they will not suffer any irreparable injury because their objections can be addressed in the expropriation suit, should the District ever choose to file one. Given the circumstances, we conclude that the Meyers' right to own private property must prevail over those of the District. Our conclusion is bolstered by the fact that the United States Supreme Court has chosen to review, on a petition for certiorari, *Violet Dock*, despite the fact that the St. Bernard Port made a stronger, yet arguably questionable, argument as to the existence of a valid public purpose for expropriation in that matter.

For the foregoing reasons, we conclude that the trial court did not abuse its great discretion in granting a preliminary injunction barring the District from filing suit to expropriate the Meyers' property. This matter will be remanded for the trial court to determine the constitutionality of the Resolution authorizing the District to expropriate the Meyers' property.

**DECREE**

The judgment of the trial court granting a preliminary injunction in favor of Vernon Christopher Meyer and Carla Michelle Meyer, enjoining the Lake Charles Harbor and Terminal District from expropriating their property at 2755 Houston River Road in Westlake, Louisiana is affirmed. This matter is remanded to the trial

10

court to hold a hearing to determine whether the Resolution is unconstitutional such that the District should be permanently enjoined from enforcing it.

**JUDGMENT AFFIRMED.  REMANDED WITH INSTRUCTIONS.**